IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN J. GILL and <br> PARKER DETWEILER, | ) <br> ) <br> ) | Civil Action No. 24-1359-EGT-RGA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| EVERYDAY DOSE, INC, | ) ) | |
| Defendant. | ) ) | |

### MOTION TO LIMIT MAXIMUM PENALTIES AND NOTICE OF MENS REA REQUIREMENT FOR CRIMINAL CONTEMPT

The United States of America respectfully files this Motion to Limit Maximum Penalties and Notice of Mens Rea Requirement for Criminal Contempt, as discussed during the February 18, 2026, Status Teleconference.  *See* D.I. 80.

#### A. Motion to Limit Maximum Penalties

The government moves to limit the maximum possible sentence that may be imposed on Mr. Sharpe to no more than six months imprisonment or a fine of $5,000. So limited, this matter may proceed to a bench trial in lieu of a jury trial.  *See* Fed R. Crim. P. (a)(3); *see also Taylor v. Hayes*, 418 U.S. 488, 495 (1974).  The government and counsel for Mr. Sharpe have conferred and the defense does not object to this motion.

#### B. Notice of Mens Rea Requirement for Criminal Contempt

The Court also ordered the government to define the mens rea requirement for criminal contempt.  "Willfulness is an element of criminal contempt that must be proved beyond a reasonable doubt."  *Taberer v. Armstrong World Indus., Inc.*, 954

F.2d 888, 908 (3d Cir. 1992). Willfulness, for the purpose of criminal contempt, requires "knowledge that one's act is wrongful and a purpose to nevertheless do the act." *Id*. (quoting *In re Brown*, 454 F.2d 999, 1007 (D.C. Cir. 1971)). By contrast, willfulness, for the purpose of criminal contempt, "does not exist where there is a good faith pursuit of a plausible though mistaken alternative." *Waste Conversion, Inc. v. Rollins Env. Servs. (NJ), Inc.*, 893 F.2d 605, 609 (3d Cir. 1990) (quoting *United States v. Greyhound Corp.*, 508 F.2d 529, 531 (7th Cir. 1974)). The mistaken construction must be plausible "given the background and purpose of the order." *Id*.

*Taberer* is particularly illuminating, as it discusses two failures to appear – one willful and one not. 954.F.2d at 909. Preceding the first, the Court ordered attorney Weinfeld and his associate to appear for a scheduling conference. *Id*. Weinfeld immediately submitted a letter to the Court stating that he could not attend and intended to send his associate as a substitute. *Id*. The Court did not indicate the substitution was unacceptable or explain that the purpose of the hearing was anything other than a routine scheduling conference. *Id*. The record supported a finding that Weinfeld pursued a plausible though mistaken alternative in good faith and did not willfully defy the Court order. *Id*.

However, it happened again. *Id*. At the first conference, which Weinfeld did not attend, the Court made clear why it ordered Weinfeld to appear in person. *Id*. The Court ordered Weinfeld's associate to deliver a copy of the transcript to Weinfeld and ordered Weinfeld to appear at a subsequent conference or be certified in contempt of court. *Id*. Weinfeld again failed to appear for the second conference. *Id*. At that

2

point, Weinfeld had no "plausible but mistaken alternative" to appearance. *Id*. The record was sufficient to support a finding of willfulness. *Id*. (remanding for retrial based on procedural error).

If additional information would be helpful to the Court, the government will make itself available to provide it.

>
> Respectfully submitted,
>
> Benjamin L. Wallace
> United States Attorney
>
> By:  */s/ Carly A. Hudson*
> Carly A. Hudson
> Assistant United States Attorney

Date: February 18, 2026

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN J. GILL and<br>PARKER DETWEILER,<br><br>              Plaintiffs,<br><br>v.<br><br>EVERYDAY DOSE, INC,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 24-1359-EGT-RGA |

### CERTIFICATE OF SERVICE

I, Sherry Kaminski, an employee with the United States Attorney's Office for the District of Delaware, hereby certify that on the 18th day of February 2026, I caused to electronically file:

**Motion to Limit Maximum Penalties and**
**Notice of Mens Rea Requirement for Criminal Contempt**

with the Clerk of the Court. I further certify a copy of the foregoing notice was sent via email to the following:

    Kristen S. Swift, Esq.
    Managing Partner
    Kaufman Dolowich
    222 Delaware Avenue, Suite 720
    Wilmington, DE 19801
    Email: kristen.swift@kaufmandolowich.com

                                                      */s/ Sherry Kaminski*
                                                      Sherry Kaminski