**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

STEPHEN J. GILL and
PARKER DETWEILER,

Plaintiffs,

v.

EVERYDAY DOSE, INC.,

Defendant.

Civil Action No. 1:24-cv-1359-RGA

MEMORANDUM ORDER

Before me is Plaintiffs' Motion for Leave to File Second Amended Complaint. (D.I. 67). I have considered the parties' briefing. (D.I. 67, 89, 91). For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

Mr. Stephen Gill ("Mr. Gill") and Mr. Parker Detweiler ("Mr. Detweiler") (together, "Plaintiffs") filed their First Amended Complaint on March 31, 2025. (D.I. 21). This complaint alleged four counts: (1) breach of contract with respect to the Simple Agreement for Future Equity ("SAFE"); (2) breach of contract with respect to certain Advisory Agreements outlined in SAFE and a June 22, 2021 letter agreement ("Side Letter") as to Mr. Gill; (3) fraudulent inducement and misrepresentation; and (4) promissory estoppel. (*Id.* ¶¶ 47–80). Defendant Everyday Dose, Inc. ("EDI") filed a motion to dismiss Count I in part and Counts II–IV in full. (D.I. 27). The magistrate judge recommended dismissing Count I as it pertains to Mr. Detweiler (D.I. 37 at 5–6), dismissing Counts II and III in full (*id.* at 6–8), and not dismissing Count IV (*id.* at 9–10). I fully adopted this recommendation. (D.I. 77).

Plaintiffs now move for leave to file the proposed Second Amended Complaint (D.I. 67-1). This new complaint alleges four counts: (1) breach of contract with respect to SAFE and the Side Letter as to Mr. Gill, (2) breach of contract with respect to the Side Letter as to Mr. Detweiler (as a third-party beneficiary), (3) unjust enrichment, and (4) promissory estoppel.[1] (*Id.* ¶¶ 51–94). EDI opposes Plaintiffs' proposed amendments to Count I "to the extent [Plaintiffs] attempt to revive a breach of contract claim based on Paragraph 4 of the Side Letter or the Advisory Agreements" (D.I. 89 at 4) and Counts II and III in full (*id.* at 4–5).

## II. LEGAL STANDARD

The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013). Leave to amend "may be denied when there is 'undue delay, bad faith, dilatory motive, prejudice, and futility.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

## III. DISCUSSION

EDI's position is that amendments to Counts I–III should be denied for futility and undue delay. EDI does not oppose Plaintiffs' amendment to Count IV,[2] as I previously denied EDI's motion to dismiss its underlying claim. (*Id.* at 5 n.3). Count IV is therefore not in dispute, and I need not discuss it any further.

---

[1] I, contrary to Plaintiffs' enumeration, refer to the promissory estoppel count as Count IV.

[2] EDI says that Count IV is futile because it is barred by the statute of limitations (D.I. 89 at 10), but it provides no argument for this statement.

### A. Futility

EDI challenges Counts I–III for futility. Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

#### 1. Counts I and II

EDI contends that Plaintiffs' Count I in part[3] and Count II in full are futile because these counts are "premised on the same legal theory underlying Count II of the [First Amended Complaint]." (D.I. 89 at 11; *see id.* at 10–14). Plaintiffs' legal theories of breach of contract are based on the Advisory Agreements or paragraph 4 of the Side Letter,[4] and should be barred under the law of the case doctrine. Because Plaintiffs conceded several deficiencies in pleading Count II of its First Amended Complaint (D.I. 37 at 6–7), EDI now states that Plaintiffs may not replead breach of contract claims based on these purported agreements. (D.I. 89 at 12–14). According to EDI, Mr. Detweiler lacks standing as a third-party beneficiary on the basis that "the only operable provision of the Side Letter pertaining to Detweiler," paragraph 4, was not legally enforceable. (*Id.* at 14).

I am not persuaded. Counts I and II of Plaintiffs' proposed Second Amended Complaint appear to present breach-of-contract claims distinct from those asserted in Count II of the First Amended Complaint. The claims in the proposed amendment are based on allegations that "the Side Letter stands alone as a valid, binding agreement" and not on theories that suppose the

---

[3] EDI "does not move to dismiss, nor oppose leave to amend, with respect to certain aspects of Count I, including claims by Gill arising directly from rights under the SAFE or paragraph 5 of the Side Letter." (D.I. 89 at 10 n.6).

[4] Paragraph 4 states the following: "The Company covenants and agrees to issue the equity grants to you and to Parker Detweiler/DET Holdings LLC in connection with your respective advisory agreements within a reasonable time after the date hereof." (D.I. 67-1 Ex. E ¶ 4).

Advisory Agreements are binding. (D.I. 91 at 1). At this stage, EDI does not argue that the Side Letter is unenforceable. (*See, e.g.*, D.I. 89 at 10 n.6).

Even if the amended claims rely on the same "theories and claims previously dismissed with prejudice" (*id.* at 9), I think the proposed amendments are permissible here. Plaintiffs "routinely amend complaints to correct factual inadequacies in response to a motion to dismiss." *Edwards v. Bayview Loan Servicing, LLC*, 2017 WL 879283, at *4 (D. Del. Mar. 6, 2017) (quoting *West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013)). Courts within the Third Circuit have granted leave to file an amended pleading that addresses previously identified pleading deficiencies and reasserts claims dismissed with prejudice. *See, e.g.*, *Southeast Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 82 (M.D. Pa. 2020) (*SEPTA*), *aff'd*, 12 F.4th 337 (3d Cir. 2021). This liberal approach to the amendment of pleadings ensures that claims "will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). I think that granting leave to amend better allows for a full and fair adjudication of this case.

EDI argues that the law of the case doctrine bars Plaintiffs' proposed amendment. (D.I. 89 at 10–14). This overstates the doctrine's preclusive effect. The law of the case doctrine "does not apply in the situation where an amended complaint contains significant new factual allegations." *SEPTA*, 335 F.R.D. at 74 (citing cases); *see, e.g.*, *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 671 (D.N.J. 2014); *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 2011 WL 3047784, at *4 (E.D. Pa. July 22, 2011). Plaintiffs' proposed Second Amended Complaint appears to do just that. Here, the amended complaint "supersedes the original and renders it of no legal effect." *West Run*, 712 F.3d at 171 (cleaned up). At this point, I believe amendment would not be futile.

**2. Count III**

EDI argues that Plaintiffs' unjust enrichment claim is barred by the statute of limitations of three years. *See* 10 Del. C. § 8106(a); *Vichi v. Koninklijke Philips Elecs. N.V.*, 2009 WL 4345724, at *15 (Del. Ch. Dec. 1, 2009); *Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys., Inc.*, 2005 WL 46553, at *4 (D. Del. Jan 5, 2005) (applying Delaware law). Mr. Gill filed his action on December 11, 2024; and Mr. Detweiler, on March 31, 2025; more than three years after June 16, 2021, when the purported agreements were executed. (D.I. 89 at 15). EDI then contends that Plaintiffs "plead no facts supporting an argument under the tolling doctrine." (D.I. 89 at 16).

I think this claim is not time-barred. The statute of limitations begins to run only "upon the discovery of facts 'constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery' of such facts." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004) (quoting *Coleman v. Pricewaterhousecoopers, LLC*, 854 A.2d 838, 842 (Del. 2004)). Plaintiffs do not allege that the basis of the cause of action occurred on June 16, 2021, when the agreement was executed. Instead, they allege that the underlying injury occurred on July 8, 2024, when EDI first indicated it would not transfer equity to them. (D.I. 91 at 8–9 (citing D.I. 67-1 ¶¶ 4, 42–46)). Under these allegations, the unjust enrichment claim falls within the three-year period set by the statute of limitations.

**B. Undue Delay and Attorneys' Fees**

EDI challenges the proposed amended complaint for undue delay. It requests that, if I grant the motion, I also "condition amendment on Plaintiffs' payment of the attorneys' fees and costs EDI incurred . . . to address the injustice caused by Plaintiffs' undue delay in seeking leave to

amend." (D.I. 89 at 16–17). As evidence of delay, EDI points to Plaintiffs' filings before seeking leave to amend and blames them for "forcing EDI to incur further costs." (*Id.* at 16 (citing D.I. 58, 59); *see* D.I. 48, 53).

I see no such undue delay nor grounds to award attorneys' fees. "[T]he touchstone for the denial of the amendment" is "prejudice to the non-moving party." *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir.1978). To show undue delay, a party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts which it would have offered had the . . . amendments been timely." *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)). Even if the motion for leave to amend were not as expeditious as EDI would have liked, EDI has not shown that it has been prejudiced by the motion.

## IV. CONCLUSION

For the above reasons, Plaintiffs' motion for leave to file second amended complaint (D.I. 67) is GRANTED, and the Second Amended Complaint attached to the aforesaid Motion shall be docketed as the amended pleading pursuant to Local Rule 15.1.

IT IS SO ORDERED this 29th day of September 2026.

Richard G. Andrews

United States District Judge